**Khaldoon Nasan SAADI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 89–9554.

United States Court of Appeals,
Tenth Circuit.

Aug. 27, 1990.

Khaldoon Nasan Saadi, pro se.

Lauri S. Filppu, Francesco Isgro, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, D.C., for respondent.

Before ANDERSON, BALDOCK and EBEL, Circuit Judges.

PER CURIAM.

Respondent INS moves to dismiss this cause as jurisdictionally deficient. Fed. R. App. P. 27; 10th Cir. R. 10.2.8 & 27.2.1. Petitioner seeks review of the decision of the Board of Immigration Appeals (Board). The Board dismissed petitioner's appeal from a decision of the immigration judge finding petitioner deportable under § 241(a)(2) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1251(a)(2), and ineligible for relief from deportation.

■ Jurisdiction to review a final order of deportation by the Board arises under § 106(a) of the Act, 8 U.S.C. § 1105a(a) and 28 U.S.C. ch. 158 pertaining to review of orders of federal agencies. *Michelson v. INS*, 897 F.2d 465, 467 (10th Cir.1990). However, § 106(c) of the Act, 8 U.S.C. § 1105a(c), provides in part:

An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations *or if he has departed from the United States after the issuance of the order.*

(emphasis added). The INS contends that petitioner's deportation eliminates our jurisdiction to review his deportation order. We agree.

■ "The statute's command is unequivocal[:]" once petitioner departed the United States via deportation, a deportation order may not be reviewed by "any court." *Umanzor v. Lambert*, 782 F.2d 1299, 1303 (5th Cir.1986); *see also Quezada v. INS*, 898 F.2d 474, 476–77 (5th Cir.1990); *Asai v. Castillo*, 593 F.2d 1222, 1223–24 (D.C.Cir. 1979). The right to obtain judicial review of a final deportation order does not require the INS to defer deportation; a stay must be obtained. 8 U.S.C. § 1105a(a)(7); *Umanzor*, 782 F.2d at 1303.

The record establishes that no stay was obtained and petitioner has been deported. Thus, we are without jurisdiction to review this deportation order. *See Quezada*, 898 F.2d at 477.

PETITION DISMISSED.