48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yolanda Graciela Gutierrez de LUCERO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9537.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 An order of deportation was issued against petitioner on November 26, 1990; her appeal to the Board of Immigration Appeals (Board) was dismissed as untimely, and she was deported to Mexico. Thereafter, petitioner reentered the United States. Once again, deportation proceedings were brought against petitioner, and a second order of deportation was issued on July 12, 1993.
 
 
 3
 While the second deportation proceeding was pending, petitioner filed a motion with the Immigration Judge to reopen the first deportation proceeding, alleging various deficiencies in the proceeding. The Immigration Judge denied the motion to reopen, and petitioner appealed to the Board both the denial of the motion to reopen and the second deportation order. The Board found that, because petitioner had been deported as a result of the first deportation order, the Immigration Judge lacked jurisdiction to consider the motion to reopen, and it vacated the judge's denial of the motion. The Board dismissed the appeal of the denial of the motion for lack of jurisdiction and also dismissed the appeal of the second deportation order. Petitioner appeals the Board's decision.
 
 
 4
 8 U.S.C. 1105a(c) limits the jurisdiction of courts to review deportation orders, such that "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien has ... departed from the United States after the issuance of the order." This court has held that the statute's directive is unequivocal: "once petitioner departed the United States via deportation, a deportation order may not be reviewed by any court." Saadi v. INS, 912 F.2d 428, 428 (10th Cir.1990)(quotation omitted); see e.g., Baez v. INS, 41 F.3d 19, 24, 25 (1st Cir.1994). Through her appeal of the Board's dismissal of her motion to reopen, petitioner seeks precisely that which we have no jurisdiction to do, review the first deportation order. The jurisdictional bar of 1105a(c) is absolute.[2]
 
 
 5
 The Board also dismissed petitioner's appeal of the second deportation order. The second deportation order was based on petitioner's entry without inspection after she was deported pursuant to the first deportation order. On appeal to this court, petitioner's arguments in her brief and reply brief relate only to the first deportation proceeding and her motion to reopen those proceedings. She makes no argument as to the Board's dismissal of her appeal from the second deportation order, and we are not obligated to manufacture an argument for her. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.1989). We find no error in the Board's dismissal of petitioner's appeal from the second deportation order.
 
 
 6
 The petition is DISMISSED in part for lack of jurisdiction and AFFIRMED in part.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner recognizes that this court has already spoken, in Saadi, on the jurisdictional effect of 1105a(c) but, nonetheless, she urges us to adopt an exception to the strict statutory language. The exception, which originated in the Ninth Circuit and is commonly called the Mendez exception, applies when a departure effected by the government is executed in contravention of procedural due process. See Baez, 41 F.3d at 22-23 (discussing various circuits' adoption of Mendez exception and variations thereof). This court has already visited the interpretation of 1105a(c) and has found no room for exception in the statutory language. See Saadi, 912 F.2d at 428. Even if we were inclined to revisit the issue, which we are not, one panel of this court cannot overrule another panel. United States v. Zapata, 997 F.2d 751, 759 n. 6 (10th Cir.1993)