59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hartmut Gunther STOLP, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9539.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Hartmut Gunther Stolp seeks review of the Board of Immigration Appeals' (BIA) approval of an immigration judge's (IJ) order of deportation based upon a finding that Mr. Stolp is ineligible for a waiver of inadmissibility. Because Mr. Stolp has already been deported, we are without jurisdiction to decide this petition for review. We therefore grant the Immigration and Naturalization Service's (INS) motion to dismiss.
 
 
 3
 Mr. Stolp, a German citizen, was convicted in 1975 of armed robbery and attempted murder. After serving more than five years of his ten-year sentences, Mr. Stolp was found deportable because of his convictions. In April 1984, Mr. Stolp was granted a discretionary waiver of inadmissibility under a former version of section 212(c) of the Immigration and Nationality Act (Act), codified at 8 U.S.C. 1182(c) (1984). Based on this waiver, Mr. Stolp was permitted to remain in the United States despite his convictions.
 
 
 4
 In 1990, the Act was amended to preclude the granting of waivers to an "alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. 1182(c) (1995). The term "aggravated felonies" was defined to include crimes of violence such as armed robbery and attempted murder, as well as drug trafficking crimes. See 8 U.S.C. 1101(43)(B), (F), (Q); 18 U.S.C. 16.
 
 
 5
 In 1992, Mr. Stolp was convicted of possession with intent to deliver marijuana, and received a three-year sentence, of which he served eleven months. The INS then took him into custody for deportation, based on his recent conviction. The IJ determined that Mr. Stolp was ineligible for a section 212(c) waiver based on his current and former convictions and the time he served, and issued an order of deportation. The BIA agreed and dismissed Mr. Stolp's appeal.
 
 
 6
 Mr. Stolp petitioned this court for review and requested a stay of deportation. His motion for a stay was denied both by this court and by the United States Supreme Court, and Mr. Stolp was deported to Germany on July 11, 1994. The INS then moved to dismiss the petition for lack of jurisdiction.
 
 
 7
 Our authority to review a deportation order is expressly limited by 8 U.S.C. 1105a(c), which provides that "[a]n order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." This limitation is jurisdictional in nature, and the statute's terms must be strictly construed. Stone v. INS, 115 S.Ct. 1537, 1549 (1995).
 
 
 8
 Mr. Stolp argues that an alien who is deported has not "departed" from the United States, as that term is used in the statute. In Saadi v. INS, 912 F.2d 428, 428 (10th Cir.1990)(per curiam), this court held that the language of 1105a(c) " 'is unequivocal[:]' once petitioner departed the United States via deportation, a deportation order may not be reviewed by 'any court,' " (quoting Umanzor v. Lambert, 782 F.2d 1299, 1302 (5th Cir.1986)); see also Baez v. INS, 41 F.3d 19, 22-24 (1st Cir.1994), petition for cert. filed, 63 U.S.L.W. 3672 (U.S. Mar. 3, 1995)(No. 94-1462); Roldan v. Racette, 984 F.2d 85, 90 (2d Cir.1993). Any doubt whether 1105a(c) precludes review of a deportation order after deportation has been laid to rest by the Supreme Court's recent observation that "[o]nce an alien has been deported, the courts lack jurisdiction to review the deportation order's validity." Stone, 115 S.Ct. at 1546.
 
 
 9
 Mr. Stolp has requested that this case be heard in banc and that we permit oral argument in order to reconsider our decision in Saadi. He argues that Saadi is incorrect because it permits the INS to deprive an alien of the right to judicial review by deporting him. His argument is negated, however, by the very statute which authorizes judicial review.
 
 
 10
 Although deportation of most aliens is stayed automatically upon serving a petition for review, Congress specifically excepted those aliens who have been convicted of an aggravated felony. 1105a(a)(3). These aliens must obtain a stay of deportation from the appellate court, id., by demonstrating, inter alia, a likelihood of success on the merits, see Battle v. Anderson, 564 F.2d 388, 397 (10th Cir.1977)(discussing requirements for a stay pending appeal). Otherwise, the availability of review does not "require the Attorney General to defer deportation of an alien." 1105a(a)(8). In other words, an alien's right to judicial review is conditioned on showing a likelihood of success if he or she has been convicted of an aggravated felony.
 
 
 11
 We see no reason to reconsider Saadi, and therefore DENY Mr. Stolp's motions. The petition for review is DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470