**Gregory WRIGHT, Plaintiff,**

v.

**Joseph R. GREENE, District Director and U.S. Immigration and Naturalization Service, Defendants.**

**Civil Action No. 94–K–2883.**

United States District Court, D. Colorado.

Jan. 9, 1996.

Lane McFee, Denver, CO, for plaintiff.

Michael Hegarty, Assistant U.S. Attorney, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

On December 19, 1994, Plaintiff Gregory Wright filed a complaint against the United States Immigration and Naturalization Service ("INS") and its District Director Joseph Greene. Wright sought a determination that his wife Mihyang Kim Wright was deported illegally from the United States and sought her return to this jurisdiction for further proceedings.[1]

Before me are Plaintiff's motion to amend the complaint and Defendants' renewed motion to dismiss the complaint.

### I. Factual Background.

According to the complaint, on April 20, 1990, Mihyang Kim Wright a/k/a Mihyang Chase, a citizen of Korea, entered the United States on a fiancee visa to marry Carl Chase. She married Chase on December 19, 1990. Mihyang Kim met Plaintiff Gregory Wright in 1991 and began living with him in June 1991.

On December 31, 1991, an order to show cause was issued charging Mihyang Kim Wright with deportability for failure to comply with her nonimmigrant status.

On April 8, 1992, Mihyang Kim Wright divorced Chase. On April 29, 1992, she married Plaintiff Gregory Wright.

On June 8, 1992, an immigration judge found Mihyang Kim Wright deportable and denied her application for voluntary departure. She filed an appeal of that decision on June 22, 1992. On June 1, 1993, the Board of Immigration Appeals ("BIA") dismissed the appeal as having been filed one day late and did not address the merits. On June 9, 1993, the INS sent Mihyang Kim Wright a notice advising of the warrant of deportation issued on that date and that she could be deported at any time without further notice.

In the early hours of June 18, 1993, former counsel for Mihyang Kim Wright, Dan Boyle, was awakened at home and advised by deportation officers that Mihyang Kim Wright was being deported. The officers advised counsel that a petition for review would not stay the deportation in view of the immigration judge's findings of marriage fraud violations under the Immigration and Nationality Act ("Act") § 204(c), 8 U.S.C. § 1154(c).[2]

Counsel indicated he would review this assertion when he arrived at work in approximately one hour and would re-contact the deportation officers. The complaint alleges the officers indicated the flight plan involved

---

[1]. On June 16, 1995, Gregory Wright and Mihyang Kim Wright filed a related complaint, Civil Action 95–K–1545 against the INS, District Director Greene and several other INS employees, and Francesco Isgro, Attorney for Office of Immigration Litigation. On January 8, 1995, I granted a motion to amend the complaint in that action.

[2]. The statutory section provides:

Notwithstanding the provisions of subsection (b) of this section [relating to granting petitions for immediate relative or preference status] no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c).

going through California and if a petition was filed they would be notified by their superior before the flight took off for Korea.

At approximately 8:30 a.m., counsel contacted United States Attorney George Gill, then representing the INS and local INS trial attorney, Doug Bow and concluded filing a petition for review would stay the deportation of Mihyang Kim Wright. At approximately 10:00 a.m. Counsel filed a petition for review with the Tenth Circuit Court of Appeals under 8 U.S.C. § 1105a(a)(3).[3]

At approximately 1:00 p.m., counsel learned Norm Shoss, the head of deportation at the INS had decided not to stop the deportation because the officers and petitioner may have been outside the jurisdiction of the Tenth Circuit at the time the petition was filed and were outside the jurisdiction at the time they received notice of the filing.

On September 3, 1993, counsel filed a motion to dismiss the appeal before the Tenth Circuit, asserting that since Mihyang Kim Wright was deported, albeit in counsel's opinion, illegally, the court no longer had jurisdiction. The Tenth Circuit dismissed the appeal on September 7, 1993.

On July 1, 1993, Plaintiff Gregory Wright filed a Petition for Alien Relative Status under 8 U.S.C. § 1154. The INS denied the petition on November 22, 1994.

## II. *Procedural Background.*

On December 14, 1994, Wright filed the subject complaint alleging he and his wife had been separated for nearly one and a half years due to her illegal deportation. He requested a determination that the deportation was illegal and that Mihyang Kim Wright be returned to this jurisdiction for further proceedings.

On March 27, 1995, Defendants filed an answer and motion to dismiss the complaint. They contended 8 U.S.C. § 1105a(c) was applicable and barred this court's jurisdiction in this matter. That section reads pertinently:

An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

8 U.S.C. § 1105a(c).

On March 28, 1995, Chief Judge Matsch ordered a response to the motion to dismiss. On May 1, 1995, Judge Matsch transferred this case to me.

On May 18, 1995, Wright filed a Motion to Amend Complaint in Habeas Proceedings. Wright seeks to amend the complaint to add as Plaintiffs Mihyang Kim Wright and "All Persons who have in the past or may in the future be subjected to Denver Immigration and Naturalization Service (INS) illegal procedures aimed at depriving them of their right to seek judicial review or judicial or administrative stay of deportation." (Mot.Am.Compl.Habeas Proceedings at 1.) He requests me to certify this as a class action as a "pattern and practice" violation by the INS. (*Id.*)

He claims I have jurisdiction pursuant to 8 U.S.C. § 1329 (giving the district courts of the United States jurisdiction of all causes arising under any of the provisions of the Immigration and Nationality Act ("INA")); 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 702 (giving the right of judicial review under the Administrative Procedure Act to a person suffering legal wrong because of agency action); and habeas corpus jurisdiction under (now) 8 U.S.C. § 1105a(a)(10) (giving any alien held in custody pursuant to an order of deportation the right to obtain judicial review thereof).

In their response to the motion to amend the complaint, Defendants renew their motion to dismiss and assert Plaintiff's failure to respond to the motion is improper. Defendants nevertheless respond to the motion to amend the complaint insofar as it seeks class treatment for Plaintiff's claims.

---

**3.** Title 8 § 1105a(a) provides for judicial review by the court of appeals. Service of the petition on the Attorney General and the appropriate District Director of the INS "shall stay the deportation of the alien pending determination of the petition by the court...." 8 U.S.C. § 1105a(a)(3).

I deny the motion to dismiss, grant the motion to amend and defer the issue of class certification.

### III. *Jurisdiction.*

In *Salehi v. District Director, I.N.S.,* the Tenth Circuit explained the jurisdiction of the courts in immigration cases:

> The district courts have jurisdiction generally of all civil and criminal causes arising under the immigration statutes. *See* 8 U.S.C. § 1329. This grant of jurisdiction is limited, however, by section 106(a) of the Act, which provides that jurisdiction is exclusively in the courts of appeals over petitions for judicial review of final orders of deportation entered against aliens in the United States pursuant to administrative proceedings under section 242(b) of the Act, 8 U.S.C. § 1252(b). Section 242(b) proceedings are conducted by an immigration judge to determine whether an alien may be deported, and the immigration judge's decision is reviewable by the BIA. An exception to the exclusive court of appeals jurisdiction is provided by section 106(a)(9) which states "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." 8 U.S.C. § 1105a(a)(9).

796 F.2d 1286, 1289 (10th Cir.1986) (footnote omitted).

Title 8 U.S.C. § 1105a(c) limits the jurisdiction of courts to review deportation orders, such that "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." The Tenth Circuit has held the statute's directive is unequivocal: "[O]nce petitioner departed the United States via deportation, a deportation order may not be reviewed by 'any court.'" *Saadi v. INS,* 912 F.2d 428, 428 (10th Cir.1990) (quoting *Umanzor v. Lambert,* 782 F.2d 1299, 1303 (5th Cir.1986)).

Defendants request dismissal relying on 8 U.S.C. § 1105a(c), *Saadi* and its progeny.

█ In his motion to amend and reply, Wright argues he, Mihyang Kim Wright and the proposed class plaintiffs are not seeking review of Mihyang Kim Wright's final order of deportation, but rather challenge a pattern and practice of the District Office of the INS in Denver of hastening the deportation of aliens without the seventy-two hour forewarning used in other districts for illegal purposes. As part of this practice, Wright asserts, Mihyang Kim Wright's deportation was hastened and carried out illegally in contravention of the mandatory stay of deportation in place before she left the United States and while she was in the custody of the INS.

A number of circuits, including the Tenth Circuit, have "drawn a distinction between jurisdiction to rule on the merits of an individual deportation order and jurisdiction to rule on an alleged pattern and practice of constitutional or statutory violations." *El Rescate Legal Serv., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 747 (9th Cir.1991) (citing *Montes v. Thornburgh,* 919 F.2d 531, 535 (9th Cir.1990); *National Center for Immigrants' Rights, Inc. v. INS,* 913 F.2d 1350, 1352 (9th Cir.1990), *rev'd on other grounds,* 502 U.S. 183, 112 S.Ct. 551, 116 L.Ed.2d 546 (1991); *National Center for Immigrants' Rights, Inc. v. INS,* 743 F.2d 1365, 1368–69 (9th Cir.1984); *Salehi v. District Director, INS,* 796 F.2d 1286, 1290 (10th Cir.1986); *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1032–33 (5th Cir.1982); *Jean v. Nelson,* 727 F.2d 957, 979–80 (11th Cir. 1984) (en banc), *aff'd,* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985)).

In *Salehi,* the Tenth Circuit recognized "[a]lthough petitioners' due process claims attack the constitutionality of regulations governing motions to reopen, their claims constitute a general attack upon the regulations and do not involve appeals from denials of motions to reopen or determinations made incident to a motion to reopen." 796 F.2d at 1290. The court cited *Haitian Refugee Center v. Smith,* 676 F.2d at 1032–33 where the district court was found to have jurisdiction over constitutional challenge to a "program, pattern or scheme" by INS officials in conducting deportation and asylum proceedings for Haitian aliens. 796 F.2d at 1290.

■ Insofar as the complaint "set[s] forth matters alleged to be part of a pattern and practice by immigration officials to violate the constitutional rights of a class of aliens they constitute wrongs which are independently cognizable in the district court under its federal question jurisdiction." *Haitian Refugee Center,* 676 F.2d at 1033 and n. 22.

Although a court of appeals may have sole jurisdiction to review alleged procedural irregularities in an individual deportation hearing *to the extent these irregularities may provide a basis for reversing an individual deportation order,* that is not to say that a program, pattern or scheme by immigration officials to violate the constitutional rights of aliens is not a separate matter subject to examination by a district court and to the entry of at least declaratory and injunctive relief. The distinction we draw is one between the authority of a court of appeals to pass upon the merits of an individual deportation order and any action in the deportation proceeding to the extent it may affect the merits determination, on the one hand, and, on the other, the authority of a district court to wield its equitable powers when a wholesale, carefully orchestrated, program of constitutional violations is alleged.

*Haitian Refugee Center,* 676 F.2d at 1033 (emphasis in original) (footnote omitted).

Likening petitioners' claims to those in *Haitian Refugee Center,* the *Salehi* court found they bore no relation to petitioners' individual final orders of deportation and exclusive jurisdiction did not lie with the appeals court under 8 U.S.C. § 1252(b). *Salehi,* 796 F.2d at 1290.

Here, Wright, Mihyang Kim Wright and the proposed class of plaintiffs challenge an alleged pattern and practice by the INS to violate their constitutional rights. Therefore, I have jurisdiction under 28 U.S.C. § 1331 (federal question) and § 279 of the Act, 8 U.S.C. § 1329 (claims arising under the immigration statutes) and my jurisdiction is not, as Defendants claim, excluded under 8 U.S.C. § 1105a(c).

## IV. *Class Action.*

Wright moves to amend the complaint to add as plaintiffs, "Mihyang Kim Wright, and All Persons who have in the past or may in the future be subjected to Denver Immigration and Naturalization Service (INS) illegal procedures aimed at depriving them of their right to seek judicial review or judicial or administrative stay of deportation." (Mot. Am.Compl. Habeas Proceedings ¶ 1.) He also requests me to "certify this as a class action as a 'pattern and practice' violation by the INS allowing plaintiffs redress without requiring piecemeal individual litigation, thus conserving judicial resources." (*Id.* ¶ 2.)

Defendants request me to deny the motion to amend the complaint because Gregory Wright has not complied with Federal Rule of Civil Procedure 23(a). That rule provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

■ Defendants maintain Wright has not asserted nor is there evidence of record that the numerosity, commonality or typicality requirements of Rule 23(a) are satisfied. They further assert Wright has not satisfied the requirement of Rule 23(b) that there is a risk of inconsistent adjudications or that adjudications with respect to individual members of the proposed class would be dispositive of the interests of other members not parties to the adjudications or substantially impair their abilities to protect their interests.

"[F]or an action to go forward under Rule 23, the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)." 7B Charles A. Wright, Arthur R. Miller & Mary

Kay Kane, *Federal Practice and Procedure*, § 1798 (2 ed. 1986) (footnote omitted).

 Rule 23(c)(1) provides that, as soon as practicable after the commencement of a class action, "the court shall determine by order whether it is to be so maintained." A party wishing to challenge the validity of maintaining an action under Rule 23 should move for a determination under Rule 23(c)(1), rather than by moving to dismiss for failure to state a claim. 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *supra,* § 1798.

Defendants' challenge to the maintenance of the suit as a class action is premature. Wright moves to amend the complaint to add a class of plaintiffs and maintain this as a class action. He has not attached a proposed amended complaint.

I do not address whether the yet to be drafted amended complaint satisfies the pleading requirements of Rule 23. Upon the granting of this motion, Wright will be required to file an amended complaint consistent with the requirements of Rule 23. Notably, however, he will not be required to establish the merits of his case before a preliminary determination of the class action question can be made. *Id.*

#### V. *Conclusion.*

For the aforesaid reasons, I deny Defendants' motion to dismiss and grant Wright's motion to amend the complaint to allow him to add Mihyang Kim Wright and the proposed class of additional plaintiffs. I defer any ruling as to whether the action may be maintained as a class action until such time as is practicable after the filing of the amended complaint.

The amended complaint must comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 23. In particular, the amended pleading should contain a short, plain, statement of the grounds upon which the court's jurisdiction depends and of each claim showing entitlement to the specific relief sought. Fed.R.Civ.P. 8. It must clarify whether the action is proceeding as a habeas corpus petition, and, if so, under what authority, and how the standing and "custody"

requirements of such petition are satisfied. Accordingly,

IT IS ORDERED THAT Defendants' motion to dismiss is DENIED;

IT IS FURTHER ORDERED THAT Plaintiff's motion to amend the complaint to allow him to add Mihyang Kim Wright and the proposed class of additional plaintiffs is GRANTED;

IT IS FURTHER ORDERED THAT Plaintiff is to file the amended complaint on a date no later than twenty days after the date of this order and Defendants are to file a responsive pleading thereto within twenty days after being served with the amended complaint.