Raul MACIAS, Petitioner,

v.

Joseph GREENE, District Director, United States Immigration and Naturalization Service, Denver, Colorado, Respondent.

No. Civ.A. 98–B–1736.

United States District Court,
D. Colorado.

Nov. 27, 1998.

Jim Salvator, Lafayette, CO, for Petitioner.

Mark S. Pestal, Assistant U.S. Attorney, Denver, CO, for Respondent.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Raul Macias ("Mr.Macias") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that respondent, Joseph R. Greene, District Director of the United States Immigration and Naturalization Service ("the INS"), deprived him of due process of law and equal protection of the laws, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by failing to consider his application for a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act ("the INA"), 8 U.S.C. § 1182(c). The INS moves to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), respectively. For the reasons set forth below, I grant the INS's motion to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

Mr. Macias, a native and citizen of Mexico, was admitted into the United States of America as a lawful permanent resident on a date not disclosed by the record. Also on a date not disclosed by the record, Mr. Macias was convicted of attempted assault with a deadly weapon, an aggravated felony under Colorado law.

After the completion of his prison sentence, again on a date not disclosed by the record, the INS commenced deportation pro-

ceedings, presumably under 8 U.S.C. § 1227(a)(2)(A)(iii), which states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." At some point during the deportation proceedings, Mr. Macias moved for a discretionary waiver of deportation pursuant to former INA § 212(c), which stated:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ...

Act of June 27, 1952, c. 477, Title II, ch. 2, § 212, 66 Stat. 182 (formerly codified at 8 U.S.C. § 1182(c)), *repealed by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("the IIRIRA"), Pub.L. 104–208, Div. C, Title III, § 304(b), 110 Stat. 3009, 3009–597. Mr. Macias, however, was held ineligible for a discretionary waiver because he committed an aggravated felony.

Mr. Macias appealed to the Board of Immigration Appeals ("BIA"), contending that § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), which provides that discretionary relief from deportation is no longer available to aliens who are deportable by reason of having committed certain enumerated criminal offenses, is unconstitutional. *See* Pub.L. No. 104–132, § 440(d), 110 Stat. 1214, 1277. The BIA determined it had no jurisdiction to rule on the constitutionality of AEDPA and dismissed Mr. Macias' appeal on July 13, 1998. (Decision of BIA of 7/13/98, Ex. A of Attachment to Resp.'s Mot. to Dismiss of 9/15/98.)

The INS obtained custody of Mr. Macias from the Colorado Department of Corrections on July 20, 1998. The INS then deported him to Mexico on July 21, 1998. Thus, Mr. Macias is no longer in this country and the INS is unaware of his whereabouts. The present petition pursuant to § 2241 was filed on behalf of Mr. Macias on August 11, 1998. A petition for review of the BIA's July 13, 1998 order was filed on behalf of Mr. Macias on August 12, 1998 in the Tenth Circuit Court of Appeals. The Court of Appeals has not yet ruled on Mr. Macias' petition for review.

## II. RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

■ As a threshold issue, the INS argues that recent amendments to the INA preclude this Court from exercising jurisdiction over Mr. Macias' § 2241 petition. I disagree. The INA, as amended by the AEDPA and the IIRIRA, states: "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." IIRIRA § 306(a) (codified at 8 U.S.C. § 1252(g)). Because the INA, as amended, does not mention habeas relief for constitutional violations, many courts have addressed the question whether federal district courts still have statutory jurisdiction under § 2241, or constitutional jurisdiction under the Suspension Clause, to review alleged constitutional violations. *See* U.S. CONST. art. I, § 9, cl. 2 ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). Most courts have resolved this question by concluding that district courts retain jurisdiction under § 2241 and the Suspension Clause, despite the expansive language of 8 U.S.C. § 1252(g), when the habeas petitioner alleges substantial constitutional violations. *See, e.g., Henderson v. I.N.S.,* 157 F.3d 106, 120 (2d Cir.1998); *Goncalves v. Reno,* 144 F.3d 110, 120 (1st Cir.1998); *Cruz Walters v. Reno,* 16 F.Supp.2d 166, 168 (D.P.R.1998); *Jurado–Gutierrez v. Greene,* 977 F.Supp. 1089, 1091 (D.Colo.1997) (Weinshienk, J.); *Mojica v. Reno,* 970 F.Supp. 130, 155–161 (E.D.N.Y.1997); *Ozoanya v. Reno,* 968 F.Supp. 1, 5–6 (D.D.C.1997); *Yesil v. Reno,* 958 F.Supp. 828, 837–839 (S.D.N.Y.1997); *Veliz v. Caplinger,* 1997 WL 61456, *2 (E.D.La.1997) (unpublished opinion); *Powell v. Jennifer,* 937 F.Supp. 1245, 1252–1253 (E.D.Mich.1996); *Dunkley v. Perryman,* 1996 WL 464191, *2–3 (N.D.Ill.1996) (unpub-

lished opinion). The Tenth Circuit Court of Appeals has not yet addressed this question. *See Fernandez v. I.N.S.*, 113 F.3d 1151, 1154 n. 3 (10th Cir.1997) (not foreclosing the "possibility that BIA decisions may still be subject to habeas review under 28 U.S.C. § 2241 by the Supreme Court, an individual justice or circuit judge, or the district courts" for " 'substantial' constitutional errors."); *accord Williams v. I.N.S.*, 114 F.3d 82, 84 (5th Cir. 1997) (noting "a limited opportunity to apply for a writ of habeas corpus may remain"). Other courts have concluded that the IIRIRA abolishes review under § 2241, leaving only the Suspension Clause unaided by statute. *See, e.g., Yang v. I.N.S.*, 109 F.3d 1185, 1195 (7th Cir.1997); *Rusu v. Reno*, 999 F.Supp. 1204, 1210 (N.D.Ill.1998). Still other courts have concluded that district courts retain no habeas jurisdiction after IIRIRA. *See, e.g., Hose v. I.N.S.*, 141 F.3d 932, 935 (9th Cir.1998) (district courts do not have jurisdiction under § 2241 or the Suspension Clause); *Auguste v. Reno*, 118 F.3d 723, 725–726 (11th Cir.1997) (same). Because Congress must explicitly state its intention to repeal or restrict habeas jurisdiction under § 2241 if it intends to do so, *see Felker v. Turpin*, 518 U.S. 651, 661, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and because Congress did not explicitly state its intention to repeal or restrict habeas jurisdiction under § 2241 when it passed the AEDPA and the IIRIRA, I join the majority of courts in concluding that district courts retain jurisdiction under § 2241 to address substantial constitutional claims even after the AEDPA and the IIRIRA became effective.

The INS next argues that, even if § 2241 is a possible basis of jurisdiction, Mr. Macias is no longer in custody and, therefore, this Court lacks jurisdiction to hear his § 2241 petition. Indeed, it is undisputed that this petition was filed on behalf of Mr. Macias approximately three weeks after his deportation. In response to the INS's argument regarding his deportation, Mr. Macias contends that he remains "in custody" despite his deportation because he is subject to a final administrative order of deportation and will be prosecuted by the INS under 8 U.S.C. § 1326 if he enters the United States of America without the INS's express permission.

Section 2241, entitled "Power to grant a writ," states, in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; . . . .

28 U.S.C. § 2241(c) (1997). The custody requirement is designed to limit this "extraordinary remedy" to cases of special urgency involving "severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). The custody requirement is jurisdictional. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir.1983). The proper respondent to a habeas action is the habeas petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Galaviz–Medina*, 27 F.3d at 493 (noting the "statutory requirement that the writ for habeas corpus issue only against the person or agency having current custody of the detainee").

In support of its argument that Mr. Macias' deportation requires dismissal of his § 2241 petition, the INS relies on *Saadi v. INS.*, 912 F.2d 428 (10th Cir.1990). In *Saadi*, the Tenth Circuit Court of Appeals joined several other Circuit Courts of Appeals in holding that subject matter jurisdiction is lacking once a petitioner has departed the United States of America after issuance of a deportation order. *Saadi*, however, no longer controls. In *Saadi*, the Court of Appeals's ruling derived from its interpretation of former INA § 106(a), which stated, in relevant part:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order.

Act of Sept. 26, 1961, Pub.L. 87–301, § 5(a), 75 Stat. 651 (formerly codified at 8 U.S.C. § 1105a(c)), *repealed by* the IIRIRA § 306(b), 110 Stat. 3009, 3009–612. Notably, the petitioner in *Saadi* relied only on former INA § 106(a) as a basis for jurisdiction. He did not seek issuance of a writ of habeas corpus pursuant to § 2241. The INA, as amended, no longer contains any language purporting to deprive jurisdiction when a petitioner has already been deported. *See* 8 U.S.C. § 1252. Because Mr. Macias relies on § 2241 as a basis for jurisdiction, the proper inquiry focuses on "common-law usages and the history of habeas corpus both in England and in this country." *Jones*, 371 U.S. at 238, 83 S.Ct. 373.

■ As the Supreme Court has recognized, a writ of habeas corpus is not a remedy limited solely to those in physical custody: "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world ... to support the issuance of habeas corpus." *Jones*, 371 U.S. at 240–242, 83 S.Ct. 373 (paroled person is "in custody" for purposes of the district courts' habeas corpus jurisdiction when conditions of parole "significantly confine and restrain his freedom"); *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (Massachusetts statute under which respondent was released subjected him to restraints not shared by the public generally, including the obligations to appear in court for trial and not to depart Massachusetts without leave); *Hensley v. Municipal Court*, 411 U.S. 345, 350–353, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (petitioner "in custody" though released on own recognizance because he was required to appear at "all times and places as ordered by any court or magistrate"). As recognized by the Tenth Circuit Court of Appeals, "[t]his change in philosophy has likewise applied to habeas actions arising from immigration cases." *Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994) (citing, *inter alia, Salehi v. District Director*, 796 F.2d 1286, 1289 n. 5 (10th Cir.1986) (custody requirement satisfied when the district court ordered the release of the petitioner pending review of final deportation order)). *See also Thompson v. Perryman*, 1998 WL 473471, *3 (N.D.Ill.1998) (slip. op.) (lawful permanent resident who is subject to a final order of deportation but not yet deported satisfies the "in custody" requirement of § 2241(c)(1)).

■ The expanded interpretation of the custody requirement, however, is not without limitation. Here, it is undisputed that Mr. Macias' petition was filed approximately three weeks after his deportation. Mr. Macias is no longer in the United States of America and, of course, not within the physical custody of the INS. The INS has no knowledge of his whereabouts. Further, and as noted by the INS, Mr. Macias could have preserved his "in custody" status by requesting a stay of deportation pending review of his deportation order. *See Salehi, supra.* Mr. Macias did not request a stay of deportation. Nor did Mr. Macias appeal of the BIA's decision before his deportation and, therefore, the INS executed the deportation order when no challenge of the order's validity was pending. I conclude, therefore, that Mr. Macias is not currently "in custody" as required by § 2241. Mr. Macias Because Mr. Macias has not satisfied the "in custody" requirement of § 2241, I grant the INS's

motion to dismiss for lack of subject matter jurisdiction.

Accordingly, I ORDER that:

(1) respondent's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED;

(2) respondent's motion to dismiss pursuant to Rule 12(b)(6) is DENIED as moot; and

(3) petitioner's petition is DISMISSED with prejudice for lack of subject matter jurisdiction.