**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MOJU NYENYE,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 99-9515
(BIA No. A-74-641-753)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on petition of Moju Nyenye for review of the final order of the Board of Immigration Appeals (BIA), dismissing his appeal of the immigration judge's denial of his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Mr. Nyenye also seeks a stay of deportation pending decision on his petition for review.

In their response to Mr. Nyenye's motion for stay of deportation, respondents Janet Reno and the Immigration and Naturalization Service (INS) allege that the petition for review is untimely and accordingly, the petition should be dismissed for lack of jurisdiction. Therefore, before considering Mr. Nyenye's motion for stay, we must determine whether we have jurisdiction over the underlying action. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57, 760 (10th Cir. 1993) (holding that a prerequisite for appellate consideration of a motion for stay is appellate jurisdiction over the underlying appeal).

Section 1105a of the Immigration and Naturalization Act was repealed by § 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, which alters the availability, scope, and nature of judicial review in INS cases. Because Mr. Nyenye's deportation proceedings commenced before April 1, 1997, IIRIRA's permanent "new rules" do not apply to this case. *See id.* § 309(a), (c)(1). However,

IIRIRA's "transitional rules" do apply, because in this case the agency's final order was filed more than thirty days after IIRIRA's September 30, 1996 date of enactment. *See id.* § 309(c)(4). The repeal of § 1105a is not effective in cases such as this one where the transitional rules are in effect. *See id.* § 309(c). None of the transitional rules bar petitioner from seeking judicial review of the INS's final order in this case.

Prior to IIRIRA's enactment, with certain exceptions, a petitioner would receive an automatic stay of deportation pending appellate consideration of a petition for review. Under the new law, including the transitional rules, a petition for review of a final order of exclusion or deportation must be filed with the court of appeals not later than thirty days after issuance of the final order. *See id.* § 309(c)(4)(A)-(D). Moreover, a petitioner must move for a stay or risk deportation while the petition for review is pending. *See id.* § 309(c)(4)(F).

Here, the BIA issued its final order dismissing Mr. Nyenye's appeal on March 25, 1998. *See* 8 C.F.R. § 243.1 (order of deportation "become[s] final upon dismissal of an appeal by the [BIA]"). Mr. Nyenye filed his petition for review with this court on May 3, 1999, over one year later. Mr. Nyenye claims that he did not receive notice of the BIA's final order until April 27, 1999, when the INS arrested him. The record, however, contains a copy of a letter from the BIA transmitting a copy of the final order to Mr. Nyenye's counsel on March 25,

1998.  *See Karimian-Kaklaki v. INS*, 997 F.2d 108, 110 (5th Cir. 1993) (holding that BIA transmittal letter to counsel satisfies federal notice regulations).  In his motion for stay, Mr. Nyenye alleges that the order was sent to the wrong address for his attorney.  Belying Mr. Nyenye's contention, his former counsel asserts in his affidavit that, although he did not receive the order, the transmittal letter was sent to the correct address.  In addition, Mr. Nyenye contends that the order was sent to the wrong address for the INS.  Although if true, this may affect the actions of the INS, Mr. Nyenye does not explain how this would affect his filing of a timely petition for review.

It is axiomatic that the lack of a timely petition for review is jurisdictional and deprives this court of the authority to review final orders of deportation. *See Saadi v. INS*, 912 F.2d 428, 428 (10th Cir. 1990) (holding that requirements of 8 U.S.C. § 1105a are mandatory and jurisdictional).  The order to be reviewed in this case was dated March 25, 1998.  The thirty-day period for review began running on that date.  Mr. Nyenye's petition was not filed until May 3, 1999, over thirteen months later.  Thus the petition for review is DISMISSED as untimely. Mr. Nyenye's motion for stay is DENIED as moot.

ENTERED FOR THE COURT
PER CURIAM