**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ENRIQUE MIRANDA-VIDRIO,

    Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

    Respondent.

No. 99-9519
(INS No. A74-252-385)
(Petition for Review)

---

**ORDER AND JUDGMENT**   *

---

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges
.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

    Petitioner seeks review of a final order of the Board of Immigration

Appeals (BIA) affirming an order of deportation. Deportation proceedings were

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

initiated in February of 1996, and the BIA order was entered May 12, 1999. While this appeal was pending, petitioner applied to this court for a stay of deportation, which was denied. Because petitioner has been deported, we lack jurisdiction to review the petition.

The Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996) "altered the availability, scope, and nature of judicial review in INS cases." Rivera-Jimenez v. INS , 214 F.3d 1213, 1215 n.1 (10th Cir. 2000). Here, because petitioner's deportation proceedings commenced before April 1, 1997, the permanent "new rules" of IIRIRA do not apply. Although the new rules do not apply, because the BIA order was filed more than thirty days after IIRIRA's enactment date (September 30, 1996), the transitional rules apply. Id. See also Berehe v. INS , 114 F.3d 159, 161 (10th Cir. 1997). The transitional rules dictate that the provisions of the former statute providing for judicial review, 8 U.S.C. § 1105a, govern our jurisdiction. See IIRIRA § 309(c)(4), *reprinted as amended in* 8 U.S.C. § 1101 note; see also Woldemeskel v. INS , 257 F.3d 1185, 1187, n.1 (10th Cir. 2001) ("Under the transition rules, § 1105a remains in effect but for minor procedural amendments.").

Under 8 U.S.C. § 1105a(c), "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien . . . has departed from the United States

after the issuance of the order." Both the former provisions and the transitional rules required a petitioner to request a stay in order to preserve judicial review. Tapia Garcia v. INS, 237 F.3d 1216, 1217 (10th Cir. 2001). See also Moore v. Ashcroft, 251 F.3d 919, 922 (11th Cir. 2001) ("Under the former provisions of the INA as well as the transitional rules, judicial review was statutorily barred for aliens who had been deported from the United States or who voluntarily departed pending review of the removal order.") (citing Tapia Garcia, 237 F.3d at 1217). Not only must petitioner request a stay of the deportation order, a stay must be obtained in order to preserve judicial review. See Saadi v. INS, 912 F.2d 428 (10th Cir. 1990).

The Supreme Court has held that "[o]nce an alien has been deported, the courts lack jurisdiction to review the deportation order's validity." Stone v. INS, 514 U.S. 386, 399 (1995). This court has also noted that the jurisdictional bar of § 1105a(c) is absolute. See Saadi, 912 F.2d at 428 (stating that the language of § 1105a(c) is unequivocal: "once petitioner departed the United States via deportation, a deportation order may not be reviewed by any court") (quotation omitted).

Respondent's motion to dismiss the petition for review is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge