**Carlos E. LEDHER, Petitioner,**

v.

**Richard THORNBURGH, Respondent.**

**Civ. A. No. 90–0256.**

United States District Court, District of Columbia.

March 30, 1990.

Carlos R. Ledher, pro se.

MEMORANDUM

JOHN GARRETT PENN, District Judge.

This case is before the Court on the Petition for a Writ of Habeas Corpus filed by Carlos E. Ledher. After careful consideration of the petition, the Court concludes that the petition must be dismissed.

Ledher, proceeding *pro se,* is a federal prisoner serving his sentence at the United States penitentiary in Marion, Illinois. The gravamen of his petition is that he was forcibly and unlawfully abducted from the Republic of Columbia, his country of citizenship, by agents of the United States government. He has filed this action against the United States Attorney General, Richard Thornburgh.

It is well settled that "[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner." *Guerra v. Meese,* 786 F.2d 414, 415 (D.C.Cir. 1986) (*citing Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973)). Title 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus shall "name ... the person who has custody over" the petitioner. 28 U.S.C.A. § 2241 (West 1971). The warden of the federal penal facility is generally the prisoner's custodian for the purposes of a habeas corpus action. *See Ex parte Endo,* 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944) (writ is directed to prisoner's "jailer"). This is because

the custodian is the person having day-to-day control over the prisoner.

In this case, Ledher has not brought suit against his custodian, the warden of the United States penitentiary in Marion, Illinois. Rather, he brought this action against the Attorney General for the United States. This Circuit has specifically rejected the argument that the Attorney General of the United States is the custodian of federal prisoners. *See Guerra v. Meese*, 786 F.2d at 416; *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C.Cir.1945). Thus, the appropriate respondent in this case is not the United States Attorney General. The appropriate respondent, the warden of Ledher's facility, is located in Marion, Illinois rather than the District of Columbia. Consequently, this action must be dismissed for lack of jurisdiction.