**Marcus Andre MICHAEL, A 39 060 024, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES and District Directors and Agents, Respondents.**

**No. 94 Civ. 6555 (JGK).**

United States District Court, S.D. New York.

Sept. 19, 1994.

Marcus Andre Michael, pro se.

James A. O'Brien, III, U.S. Attys. Office, New York City, for respondents.

## OPINION & ORDER

KOELTL, District Judge.

Petitioner Marcus Andre Michael seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) to stay his deportation by the Immigration and Naturalization Service (the "INS").

Petitioner is a native and citizen of Guyana. He was admitted to the United States as a lawful permanent resident on August 2, 1985. He currently resides in Brooklyn, New York. On February 23, 1994 petitioner pleaded guilty to a charge of criminal possession of a weapon in the third degree, in violation of N.Y.Penal Law § 265.02, before the Supreme Court of the State of New York, Kings County. After sentencing, petitioner was incarcerated in the Correctional Institution for Men in East Elmhurst, New York.

In May 1994, the INS ordered petitioner to show cause why he should not be deported upon serving his sentence, charging that he was deportable pursuant to § 241(a)(2)(C) of the Immigration and Nationality Act of 1952, as amended, which provides that,

> Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) is deportable.

8 U.S.C. § 1251(a)(2)(C) (1994). The petitioner was detained by the INS at the Federal Detention Center in Oakdale, Louisiana. On June 13, 1994, petitioner was released from INS custody upon posting a $10,000 bond. On July 12, 1994, Immigration Judge John A. Duck, Jr. in Oakdale, Louisiana ordered petitioner deported to Guyana.

Petitioner did not appeal the deportation order, but filed a motion with Judge Duck to reopen and reconsider the deportation proceedings, in order to apply for a waiver of deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). Petitioner sought to stay his deportation and also sought a change of venue to New York City. His motion alleged the possibility that a case pending before the Bureau of Immigration Appeals (the "BIA"), *Matter of Esposito* (*See Esposito v. INS*, 987 F.2d 108 (2d Cir.1993)), would establish his eligibility for discretionary § 212(c) relief from deportation. Section 212(c) on its face provides only that the Attorney General has discretion to waive specified bases for *exclusion* of certain aliens lawfully admitted for permanent residence who temporarily proceeded abroad. But in *Francis v. INS*, 532 F.2d 268 (2d Cir.1976), the Court of Appeals for the Second Circuit held that the Attorney General has the same discretion as in § 212(c) to waive grounds for *deportation* that are analogous to the grounds the Attorney General has the power to waive for exclusion. The BIA applies the decision in *Francis* and other Courts of Appeals have followed it. The basis for these decisions has been the implicit equal protection guarantee

of the Fifth Amendment due process clause. *See generally, Bedoya–Valencia v. INS,* 6 F.3d 891, 895–98 (2d Cir.1993).

On August 19, 1994, Judge Duck denied the motions to reopen, to stay the deportation, and for a change of venue.

On August 23, 1994, the District Director of the INS issued petitioner a notice to surrender for deportation in Oakdale, Louisiana on September 26, 1994. On August 24, 1994, petitioner appealed the denial of his motion to reopen to the BIA and requested a stay of deportation pending appeal from the INS. On August 30, 1994, the INS acknowledged receipt of petitioner's application for a stay and informed petitioner that processing the application usually requires 30 to 180 days. Petitioner's appeal and application for a stay are still pending, but in all likelihood will not be decided before petitioner has been ordered to appear for deportation on September 26, 1994.

On September 12, 1994, petitioner filed the current petition for habeas corpus relief to stay his deportation pending a decision of his appeal of the denial of his motion to reopen and his application for a stay. On September 16, 1994 this Court heard argument on the petition.

■ Respondents in this case, denominated as the INS and District Director and Agents, represented by the United States Attorney, argue that this Court is without jurisdiction to grant petitioner habeas corpus relief, because it does not possess personal jurisdiction over the petitioner's custodian, the INS District Director in New Orleans, Louisiana.[1]

■ The respondents are correct that a writ of habeas corpus is directed to the custodian of a detainee and no writ may issue where there is no personal jurisdiction over the custodian. *See generally, Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35

L.Ed.2d 443 (1973); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 948 (2d Cir.1976); *Chukwurah v. United States,* 813 F.Supp. 161, 168 (E.D.N.Y.1993); *Peon v. Thornburgh,* 765 F.Supp. 155, 156 (S.D.N.Y. 1991).

■ The respondents represent that the proper custodian in this case is the INS District Director in Louisiana who has responsibility for the petitioner's surrender and deportation. (Brief for Respondents at 4–5.) The August 23, 1994 INS notice of surrender was issued by the INS District Director in Louisiana. He is certainly the official who could respond to any court orders requiring that the petitioner be produced for court proceedings or released from custody, and thus would be a proper respondent in a habeas corpus proceeding.

■ Respondents also argue that the petitioner has no viable claim on the merits of his petition because several cases and BIA decisions have held that an alien who is deportable because of a weapons-related offense is ineligible for § 212(c) relief. *See, e.g., Rodriguez v. INS,* 9 F.3d 408 (5th Cir.1993); *Matter of Montenegro,* Interim Dec. 3192, slip op. at 3, 1992 WL 364787 (BIA Nov. 18, 1992). But, given the respondents' correct position that this Court lacks personal jurisdiction, the respondents' arguments on the merits should be directed to a court that has such jurisdiction. *See Iheme v. Reno,* 819 F.Supp. 1192, 1196 (E.D.N.Y.1993). This court should not issue an advisory opinion on the merits of a case in which it does not have personal jurisdiction.

■ A transfer to a court with jurisdiction pursuant to 28 U.S.C. § 1406(a) would be in the interests of justice because a court with jurisdiction should have the opportunity to address petitioner's habeas corpus petition on the merits, particularly given the gravity of the consequences of deportation that petitioner imminently faces. *See Peon v. Thornburgh,* 765 F.Supp. 155 (S.D.N.Y.1991).

---

1. The respondents agree that the petitioner is to be considered to be in custody for purposes of his habeas corpus petition although he is not incarcerated. Aliens released on bond from INS detainment are in custody for habeas corpus purposes. *Narayan v. Ilchert,* 799 F.Supp. 1047, 1050 n. 3 (N.D.Cal.1992). *See generally, Hensley v. Municipal Court, San Jose Judicial District,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

Transferring this petition would also be the most expeditious way to allow this petition to be considered on the merits. The petitioner should not have to refile his petition in a district far away from where he currently resides when time is of the essence.

For the reasons stated above, this Court is without jurisdiction to hear this petition and orders this case to be transferred forthwith pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Louisiana (Lake Charles Division). Due to the immediacy of the deportation faced by the petitioner and the fact that no stay of deportation exists from this Court or from the immigration authorities, the Court orders the United States Attorney for the Western District of Louisiana to show cause why petitioner's deportation should not be stayed, subject to the discretion and further orders of the judge to whom the case is transferred. *See Iheme v. Reno,* 819 F.Supp. 1192, 1196 (E.D.N.Y.1993) (transferring habeas corpus petition in deportation case to the Western District of Louisiana).

SO ORDERED.