Carlos S. CARVAJALES–
CEPEDA, Petitioner,

v.

Doris MEISSNER, Commissioner of Im-
migration and Naturalization Service,
and Edward J. McELROY, District Di-
rector, Immigration and Naturalization
Service, Respondents.

No. 97 Civ. 2743(SHS).

United States District Court,
S.D. New York.

May 19, 1997.

## OPINION AND ORDER

STEIN, District Judge.

Petitioner Carlos Carvajales–Cepeda seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by the Immigration and Naturalization Service ("I.N.S.") and requesting a stay of his deportation. Respondents assert that this Court may not issue the writ requested, because it lacks personal jurisdiction over Carvajales's custodian, who, they urge, is the District Director for the I.N.S. in New Orleans, Louisiana. Accordingly, respondents seek an order transferring this petition to the United States District Court for the Western District of Louisiana. Upon due consideration, IT IS HEREBY ORDERED THAT:

Respondents' request for an order transferring this petition to the United States District Court for the Western District of Louisiana is GRANTED. A writ of *habeas corpus* is directed to the "custodian" of a detainee, and no writ may issue where there is no personal jurisdiction over that custodian. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973); *Billiteri v. U.S. Bd. of Parole,* 541 F.2d 938, 948 (2d Cir.1976). Although Petitioner is a resident of New York, and presumably was present in New York when this petition was filed, he is currently detained by the I.N.S. in Oakdale, Louisiana. Oakdale is also the location where Petitioner's deportation proceedings took place, the location from which he was released on bond on October 18, 1996, and the location at which he surrendered into INS custody on April 28, 1997. Accordingly, Petitioner's custodian for the purposes of this petition is John B.Z. Caplinger, District Director of the I.N.S. in New Orleans, Louisiana, who oversees the Oakdale detention facility. *See Yi v. Maugans,* 24 F.3d 500, 507 (3d Cir.1994); *Michael v. I.N.S.,* 870 F.Supp. 44, 46 (S.D.N.Y.1994) (modified on other grounds, 48 F.3d 657 (2d Cir.1995)); *Wang v. Reno,* 862 F.Supp. 801, 813 (E.D.N.Y.1994).

Petitioner raises three arguments in opposition to the transfer of this petition to Louisiana. First, he contends that the named respondents—i.e., New York District Director Edward J. McElroy and I.N.S. Commissioner Doris Meissner—are also his custodians for *habeas corpus* purposes and are subject to personal jurisdiction in this Court. Specifically, he asserts that because he was "bonded out of INS custody on bond accepted by the New York District Director [McElroy]," he was "technically under the custody" of McElroy when this petition was filed. (*See* Quintero letter dated May 1, 1997 at 1–2.) Petitioner also suggests that if McElroy were withdrawn as a respondent, jurisdiction in this Court would still obtain, since "the commissioner of I.N.S. [Meissner]" is "the one who is statutorily charged with administering the Immigration and Nationality Act." (*See* Oral Argument 4/25/97 Tr. at 20–21.)

Petitioner's argument is not persuasive. Even assuming that McElroy and Meissner are subject to the personal jurisdiction of this Court, petitioner has failed to establish that either of them is, or ever has been, his custodian for the purpose of *habeas corpus* jurisdiction. The custodian of a *habeas corpus* petitioner is "the warden of the prison or the facility where the detainee is held," i.e., the person "that has day-to-day control over the prisoner and who can produce the actual body." *Yi,* 24 F.3d at 507 (relying on *Ex Parte Endo,* 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944)). In this case, District Director Caplinger in Louisiana is responsible for the administration of the I.N.S. facility where petitioner is currently detained, *see* 8 C.F.R. §§ 100.2(d)(2)(ii) & 100.4(b)(28), and he is "the official who could respond to any court orders requiring that the petitioner be produced for court proceedings or released from custody." *Michael,* 870 F.Supp. at 46. Accordingly, it is Caplinger, not McElroy or Meissner, who is the proper respondent to this petition.

Petitioner's temporary release from Oakdale did not terminate his custody there, *see Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 300, 104 S.Ct. 1805, 1809, 80 L.Ed.2d 311 (1984); *Hensley v. Municipal Court, San Jose Milpitas Judicial District,* 411 U.S. 345, 348–49, 93 S.Ct. 1571, 1573–74, 36 L.Ed.2d 294 (1973); *see also Miller v. Hambrick,* 905 F.2d 259, 261–62 (9th Cir.1990), nor did it divest the District

Court for the Western District of Louisiana of its proper *habeas corpus* jurisdiction. *See Jones v. Cunningham*, 371 U.S. 236, 243–44, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). In the absence of any supporting case law, this Court declines to expand the meaning of "custodian" to include an I.N.S. official, such as McElroy, who merely accepts a security bond for an alien released from an I.N.S. detention facility in another district, but exercises no day-to-day control over that alien during his temporary release.

■ Respondent Meissner, Commissioner of the I.N.S., also is not petitioner's custodian for purposes of *habeas corpus* jurisdiction. As previously noted, a petitioner's custodian is the official with direct control over the petitioner's detention. Senior government officials generally do not exercise such control. It is well settled, for example, that the Attorney General is not the custodian of I.N.S. detainees. *See Yi*, 24 F.3d at 507; *Blango v. Thornburgh*, 942 F.2d 1487, 1491–92 (10th Cir.1991); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C.Cir. 1988); *Wang*, 862 F.Supp. at 813 (E.D.N.Y. 1994); *Sadiku v. I.N.*, No. 95 C 1487, 1995 WL 215050 at *2 (N.D.Ill. April 11, 1995). To find otherwise would mean that "the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the [I.N.S.] district directors and the prisons." *Yi*, ·24 F.3d at 507. For the same reasons, the Commissioner of the I.N.S. is not petitioner's custodian for *habeas corpus* purposes.

Petitioner's second argument is that he is a "long-time resident of New York" and that "it is merely a matter of procedural convenience that I.N.S. chose to subject [him] to deportation proceedings in Louisiana." (*See* Quintero letter 5/1/97 at 2.) Simply put, whether or not petitioner is a long-time resident of New York is not relevant to the determination of the proper forum for this petition.

■ Finally, petitioner contends that even if Caplinger is his custodian, personal jurisdiction is nonetheless proper here because Caplinger has "engaged purposely ... in activity in the Southern District of New York." (*See* Quintero letter 5/1/97 at 3.) In other words, petitioner claims that his custodian in Louisiana is subject to the personal jurisdiction of this Court by virtue of New York's long-arm jurisdiction statute, N.Y.C.P.L.R. § 302(a)(1), (2). Petitioner relies primarily on *Yesil v. Reno*, 958 F.Supp. 828 (S.D.N.Y. 1997), in which Judge Chin found that District Director Caplinger had "purposely thrust himself into the Southern District of New York" and had thereby come under this district's personal jurisdiction. *Yesil*, 958 F.Supp. at 835.

That argument is not persuasive here. The circumstances of the present petition are distinguishable from those presented in *Yesil*, where the petitioner's case "had already been heavily litigated" in the Eastern and Southern Districts of New York and the U.S. Court of Appeals for the Second Circuit; where Yesil's bond had been renegotiated by his counsel in New York and I.N.S. officials in Louisiana; and where Yesil himself was physically in New York when the jurisdictional issue was being decided, the district court having previously granted a stay of surrender. *Yesil*, 958 F.Supp. 828, 835–36. Those facts are absent from this case, and to the extent Judge Chin relied upon them, *Yesil* is inapplicable here.[1] To the extent that *Yesil* is analogous to the present petition, however, this Court respectfully declines to adopt its holding. Without deciding whether the custodian of a *habeas corpus* petitioner may ever be reached through long-arm jurisdiction, it is apparent that Caplinger is not subject to such jurisdiction in this case. Since he is, however, clearly subject to the jurisdiction of another federal district,

---

1. This case is also distinguishable from *Eltayeb v. Ingham*, 950 F.Supp. 95, 99 (S.D.N.Y.1997), in which personal jurisdiction over the I.N.S. District Director for Albany was found to exist in the Southern District of New York on the ground that New York law permits jurisdiction over all persons located within the state. Where, as here, the petitioner has filed a habeas petition in a different state and the asserted basis of jurisdiction is a long-arm statute, "the situation differs markedly from one in which the court is located in the same state as the custodian." *See Garcia v. Pugh*, 948 F.Supp. 20, 23 (E.D.Pa. 1996).

the better procedure in the view of this Court is not to dismiss Carvajales's *habeas corpus* petition but rather to transfer it to the district which has personal jurisdiction over his custodian.

Accordingly, in the interest of justice and to avoid unnecessary further delay, this petition is hereby transferred to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1406(a) and 1631. *See Michael,* 870 F.Supp. at 46–47; *Iheme v. Reno,* 819 F.Supp. 1192, 1196 (E.D.N.Y.1993); *Chukwurah v. U.S.,* 813 F.Supp. 161, 168 (E.D.N.Y. 1993); *Peon v. Thornburgh,* 765 F.Supp. 155, 156 (S.D.N.Y.1991); *see also Miller,* 905 F.2d at 262; *Middlebrooks v. Smith,* 735 F.2d 431, 432 (11th Cir.1984). Petitioner is directed to amend his petition to name John Caplinger as respondent in the place of Doris Meissner and Edward J. McElroy.

SO ORDERED.